# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| North Philadelphia Health System, | : Case No. 16-18931-MDC |
| Debtor. | : |

## MOTION FOR ENTRY OF
## AN ORDER ENFORCING THE AUTOMATIC STAY AND ASSESSING
## SANCTIONS AND COSTS AGAINST CHARMAINE PATTERSON

The debtor and debtor-in-possession in the above-captioned case hereby moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, enforcing the automatic stay and assessing sanctions and costs against Charmaine Patterson. In support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

### Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). To the extent it is not a core proceeding, the Debtor consents to this Court entering final Orders in this matter.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9020 of the Bankruptcy Rules of Procedure (the "Bankruptcy Rules").

### Background

4. On December 30, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is

operating its organization and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case (the "Chapter 11 Case").

5. Prior to the Petition Date, Charmaine Patterson ("Patterson"), who has been employed by the Debtor as a mental health worker from 2006 to the present, initiated an action with the City of Philadelphia Commission on Human Relations (the "Commission"), dually filed with the United States Equal Employment Opportunity Commission, captioned Charmaine Patterson, Complainant v. North Philadelphia Health System, Respondent, PCHR Charge No. E17016808 and EEOC Charge No. 17G-2017-00041C (the "PCR Action").

6. The PCR Action was served on the Debtor, post-petition, on or about February 9, 2017 in violation of the automatic stay.

7. In the PCR Action, Patterson seeks unspecified monetary relief for both compensatory and punitive damages and alleges discrimination arising from her pregnancy status and required job duties during her employment with the Debtor. A true and correct copy of the complaint initiating the PCR Action is attached as **Exhibit B**.

8. In connection with the PCR Action, the Commission commenced an investigation of the Debtor's work practices and Charge No. 17G-2017-00041C was opened with the Equal Employment Opportunity Commission ("EEOC"). No action was brought directly by the Commission or the EEOC against the Debtor prior to the Petition Date and the PCR Action remains pending, but subject to the automatic stay of 11 U.S.C. § 362(a).

9. Subsequent to the Petition Date, on April 26, 2017, Patterson filed proof of claim number 70 as a general unsecured claim in the amount of $3,250 for

"discrimination/accomindation [sic] EEOC case." A true and correct copy of Patterson's proof of claim is attached as **Exhibit C**.

10. On September 20, 2017, Patterson filed another complaint against the Debtor alleging discriminatory retaliation, specifically, that the Debtor filed the instant Chapter 11 case in retaliation to Patterson's initiation of the PCR Action (the "Retaliation Complaint"). This complaint was assigned PCR Docket No. E17106873 and EEOC Charge No. 17G-2018-00009C. In the Retaliation Complaint, Patterson seeks unspecified monetary relief for both compensatory and punitive damages. The Retaliation Complaint was served on the Debtor on or about November 15, 2017. A true and correct copy of the Retaliation Complaint is attached as **Exhibit D**.

11. On November 30, 2017, the Debtor sent a letter to Patterson and to the Commission on Human Relations informing them that the Retaliation Complaint was filed in violation of the automatic stay and requesting that the complaint be immediately withdrawn.

12. As of the date of this motion, the Retaliation Complaint remains pending and the Commission has informed the Debtor, by letter dated January 9, 2018, of its position that Patterson's filing of the Retaliation Complaint and its investigation thereof is not barred by the automatic stay. A true and correct copy of the Commission's letter of January 9, 2018 is attached as **Exhibit E**. For the reasons set forth below, the Debtor respectfully disagrees.[1]

### Relief Requested and Bases Therefor

---

[1] For the avoidance of doubt, the Debtor does not assert that the automatic stay prevents the Commission on Human Relations or the EEOC from exercising any police or regulatory power in connection with the PCR Action. *See* 11 U.S.C. § 362(b)(4). In this case, however, the PCR Action and the action commenced by the Retaliation Complaint are actions brought by Patterson and not by the Commission or the EEOC. The relief sought by Patterson is monetary relief; therefore, absent relief from the stay, Patterson's service and any pursuit of the PCR Action is subject to the automatic stay, and the post-petition filing of the Retaliation Complaint is prohibited by the automatic stay. Additionally, the Commission appears to be acting beyond the exercise of its police or regulatory power by pursuing and requiring the Debtor to enter an appearance and answer Patterson's allegations.

13. By this Motion, the Debtor requests that the Court enter an Order pursuant to Sections 105(a) and 362 of the Bankruptcy Code and Rule 9020:

- Holding that Patterson is in civil contempt for having violated the automatic stay of Section 362 of the Bankruptcy Code by serving the PCR Action on the Debtor post-petition and by filing the Retaliation Complaint;

- Allowing Patterson to cure the contempt by immediately withdrawing the Retaliation Complaint and terminating all efforts to pursue the PCR Action or other collection actions against the Debtor absent obtaining relief from the automatic stay, if a basis therefor exists; and

- Assessing appropriate sanctions for this civil contempt.

### Patterson Violated the Automatic Stay by Serving the PCR Action and by Filing the Retaliation Complaint

14. The automatic stay prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(1).

15. Service of the PCR Action, which occurred in February of 2017, violated the provisions of section 362(a)(1). Further, filing and serving the Retaliation Complaint violates the provisions of section 362(a)(1). Both actions are actions commenced by Patterson against the Debtor. The Retaliation Complaint is nothing more than a further attempt by Patterson to pursue her claims against the Debtor that underlie the PCR Action and an attempt to circumvent the automatic stay that prevents her from proceeding in the PCR Action. The Retaliation Complaint, like the PCR Action, seeks monetary relief from the Debtor on account of a claim that arose before the commencement of this case.

16. Clearly, Patterson's violation of the automatic stay in this case was not inadvertent given her admitted awareness of this case. Indeed, Patterson filed a proof of claim in this case before the Retaliation Complaint was filed. Additionally, the purported basis of the Retaliation Complaint is the Debtor's initiation of this Chapter 11 Case. Finally, Patterson has been employed by the Debtor since 2006, remains employed by the Debtor and, along with the Debtor's other employees, was notified of the Debtor's bankruptcy filing at the outset of this case.

### The Automatic Stay is Fundamental to the Chapter 11 Process and Patterson Should be Held in Contempt for Violating the Stay

17. The automatic stay is one of the most fundamental debtor protections provided by the Bankruptcy Code. Midlantic Nat'l Bank v. New Jersey Dep't. of Envtl. Prot., 474 U.S. 494, 503 (1986). It is well-settled that the scope of the automatic stay is broad in order to effectuate its protective purposes. In re Atlantic Business and Community Corp., 901 F.2d 325, 326 (3d Cir. 1990).

18. All actions taken in violation of the automatic stay are void and parties may be held in contempt of court for violating the automatic stay. Raymark Industries, Inc. v. Lai, 973 F.2d 1125 (3d Cir.1992).[2]

19. By (i) serving the complaint in the PCR Action and filing the Retaliation Complaint with knowledge of the automatic stay; and (ii) refusing to withdraw the complaint when requested, Patterson is in contempt of this Court for her willful violation of the automatic stay. This Court has the power to conduct civil contempt proceedings and issue orders in accordance with those proceedings pursuant to section 105 of the Bankruptcy Code. Placid Refining Co., v. Terrebonne Fuel & Lube, Inc., 108 F.3d 609, 613 (5th Cir. 1997).

---

[2] Although 11 U.S.C. § 326(h) refers to an "individual," "this section has uniformly been held to be applicable to a corporate debtor." Atlantic Business, 901 F.2d at 329 (citation omitted).

20. Section 105 provides bankruptcy courts with broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory, or equitable common law, principles. The purpose of section 105(a) is to "assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in air of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105-6 (15th rev.ed 2006). This Court has the power to conduct civil contempt proceedings and issue orders in accordance with those proceedings pursuant to section 105 of the Bankruptcy Code. Placid Refining Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.), 108 F.3d 609, 613 (5th Cir. 1997); see also Joubert v. Abn Amro Mortgage Group (In re Joubert), 411 F.3d 452, 455 (3d Cir. 2005) (Section 105 is a powerful, versatile tool which operates to allow bankruptcy courts to fashion orders to further the provisions of the Bankruptcy Code.)

21. A willful violation of the stay does not require a specific intent to violate the automatic stay. It is sufficient that the creditor knew of the automatic stay and that the creditor's actions were intentional. Atlantic Business, 901 F.2d at 329; Nissan Motor Acceptance Corp. v. Bailey, 239 B.R. 484, 488 (N.D. Tex. 1999).

22. Here, Patterson acted affirmatively to negatively impact the Debtor's ability to focus on reorganizing its organization - diverting the attention and resources of the Debtor's principals and professionals to respond to the PCR Action and address the Retaliation Complaint despite the presence of the automatic stay. Indeed, the Debtor has no assets available to defend itself in any of the pending litigation, including the PCR Action. Nevertheless, the continued pursuit of the PCR Action, largely by the Commission requiring the Debtor to appear and answer Patterson's allegations in that action and threatening adverse consequences to the Debtor, and the subsequent filing of the Retaliation Complaint, again resulting in pressure from the Commission

to defend itself in connection with the Retaliation Complaint, has caused damage to the Debtor and the estate in terms of time and resources being diverted to matters that violate the automatic stay. Patterson took these actions with full knowledge of the Debtor's bankruptcy and the existence of the automatic stay; therefore, her violation of the automatic stay was willful.

### Cure

23. The Debtor requests that the Court enter an Order that provides that Patterson may cure her civil contempt by immediately withdrawing and rescinding the Retaliation Complaint, and immediately ceasing continued prosecution of the PCR Action while the automatic stay is in place.

24. Further, the Debtor submits that the automatic stay prevents the Commission and the EEOC from taking action against the Debtor pursuant to the PCR Action and/or the Retaliation Complaint, neither of which was filed by the Commission or the EEOC, beyond the exercise of its police or regulatory powers to the extent provided in 11 U.S.C. § 362(b)(4). Accordingly, while the Commission is not prohibited from investigating Patterson's allegations as stated in the PCR Action, the Commission cannot require the Debtor to appear and defend itself against Patterson's allegations in the PCR Action. The Debtor is more than willing to provide the Commission with any and all records and information relating to Ms. Patterson's employment; however, the estate should not be depleted by requiring the Debtor to engage in active litigation relating to prepetition unsecured claims, including the defense of the PCR Action.

### Sanctions

25. The Debtor may seek costs and attorneys' fees in connection with bringing this Motion. *See In re Abacus Broadcasting Corp.*, 150 B.R. 925 (Bankr. W.D. Tex. 1993)

(corporate debtor may seek costs and attorneys' fees pursuant to the court's contempt powers under 11 U.S.C. §105(a)). Pursuant to this Court's equitable powers under 11 U.S.C. §105(a), the Court should order Patterson to pay all of the Debtor's costs and reasonable attorneys' fees incurred in connection with this Motion. Patterson had actual knowledge of the Debtor's bankruptcy filings and the automatic stay, filed a proof of claim in the Debtor's bankruptcy case, and has refused to rescind the Retaliation Complaint. In an effort to resolve this matter without seeking relief from this Court and without the imposition of sanctions, the Debtor requested that Patterson withdraw the Retaliation Complaint, to no avail. Accordingly, the Court should order Patterson to bear the economic consequences of forcing the Debtor to pursue this Motion, including payment of the Debtor's costs and reasonable attorneys' fees incurred in connection with the PCR Action and the Retaliation Complaint.

## Conclusion

Based on the foregoing, Patterson has violated the automatic stay, and therefore, is in contempt of this Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

1. Holding Patterson in civil contempt for having violated and disregarded the automatic stay;

2. Directing Patterson to remedy her violations of the automatic stay by immediately withdrawing and rescinding the Retaliation Complaint and discontinuing any pursuit of the PCR Action while the automatic stay is in place;

3. Voiding Patterson's service of the PCR Action and filing of the Retaliation Complaint;

4. Assessing sanctions for Patterson's willful violation of the automatic stay, including reimbursing the Debtor for its reasonable attorneys' fees and costs in connection with the enforcement of the automatic stay; and

5. Granting the Debtor such other and further relief as may be just and proper.


Dated: January 25, 2017

Respectfully submitted,

/s/ Anne M. Aaronson
**DILWORTH PAXSON LLP**
Martin J. Weis
Anne M. Aaronson
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Counsel for the Debtor and Debtor in Possession*